IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Frank Kane                              :

    Plaintiff                         :

v.                                      : Civil Case No. 3:16-CV-216

D G Express LLC and                     : (Judge Richard P. Conaboy)
Devon Golding

    Defendants                        :

---

Memorandum

We consider here Defendant's Motion in Limine to Preclude Evidence of Punitive Damages & Guntharp Associates' Report. (Doc. 24). Defendants' motion is predicated on two assertions: (1) that because they have stipulated to liability it is somehow unfair for Plaintiff to adduce evidence of punitive damages; and (2) the resolution of this lawsuit does not require introduction of expert knowledge beyond the realm of a layman. (Doc. 25 at 2). These assertions are incorrect and must be rejected.[1]

Plaintiff's Complaint (Doc. 1, Exhibit A at paragraphs 26-31) repeatedly alleges that Defendants' driver's negligent acts also constituted reckless, wanton, and outrageous conduct on his part given his status as a commercial driver. The ad damnum clause of the complaint specifically requests an award of punitive damages as

---

[1] We note that this motion could be appropriately rejected on mere timeliness grounds. Defendants did not file their motion until May 3, 2017, some five weeks late under the terms of this Court's scheduling order of March 24, 2017. However, we feel it necessary to address the merits of the motion at this time as well.

well. If Defendants had thought that Plaintiff's request for an award of punitive damages had been insufficiently alleged, they had the option of filing a motion to dismiss that aspect of the complaint. This Defendants did not do. If, after the conclusion of discovery, Defendants had thought that the evidence could not be the basis for a reasonable juror to conclude that punitive damages could properly be assessed, they had the option of filing a motion for summary judgment on that account. This Defendants did not do.

This Court agrees with several cases decided by other judges of this district court (cited in Plaintiff's Brief, Doc. 27 at 2-3) that a motion in limine is an inappropriate vehicle for producing an effect - - the preclusion of a claim - - that should have been the subject of a case dispositive motion. For this reason alone the Court will deny that aspect of Defendant's motion seeking to preclude Plaintiff's claim for punitive damages.

With respect to Defendant's request that Plaintiff be precluded from introducing expert testimony in support of his claim for punitive damages, we note that the essential element of a claim for punitive damages under Pennsylvania law is that the Defendant be shown to have displayed "...conduct that is outrageous because of the Defendant's...reckless indifference to the rights of others." Hutchinson v. Luddy, 582 Pa. 114, 870 A.2d. 766, 770 (Pa. 2005). The Court finds that the jury's deliberations may be aided by expert testimony in the context of this case. There is no

objection here to the expertise of Plaintiff's expert and the Court is persuaded that expert testimony regarding what level of competence and care a professional driver should exhibit and what risks such a driver must necessarily anticipate may assist the jury in determining whether the negligence already admitted by Defendants rises to the level of wanton conduct or reckless indifference that is necessary to support an award of punitive damages.

For these reasons, the Court denies Defendants' motion both with respect to the admissibility of Plaintiff's expert's testimony and with respect to whether Plaintiff should be permitted to adduce evidence tending to support his claim for punitive damages. An Order consistent with these determinations will be filed contemporaneously.

BY THE COURT

/s/ Richard P. Conaboy
Honorable Richard P. Conaboy
United States District Court

Dated: 5-18-17

FILED
SCRANTON
MAY 1 8 2017
Per_____
DEPUTY CLERK